UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOE HENRY SCOTT, III,

    Plaintiff,

v.                                                          Case No. 3:19cv2973-LC-HTC

JUDGE GARY L. BERGOSH, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Joe Henry Scott, III, an inmate at the Escambia County Jail, initiated this action, *pro se*, on or about August 8, 2019 by filing a civil rights complaint under 42 U.S.C. § 1983. ECF Doc. 1. Plaintiff's complaint is accompanied by a motion for leave to proceed *in forma pauperis*. ECF Doc. 2. After reviewing Plaintiff's complaint and litigation history, the undersigned concludes this case should be dismissed under 28 U.S.C. § 1915(g) because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Plaintiff is currently confined at Escambia County Jail. His rambling complaint alleges various procedural deficiencies with his criminal case or cases, mental and emotional anguish, and past incidents of battery but does not anywhere allege imminent danger of serious physical injury.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is a three-striker, as he has filed at least three (3) federal cases that were dismissed for failure to state a claim or as malicious. In *Scott v. Landy*, 3-15cv578-MCR-EMT, this Court dismissed Scott's complaint under 28 U.S.C. §

1915(e)(2)(B)(i) as malicious and directed "that Plaintiff be assessed a "strike" under 28 U.S.C. § 1915(e)." In *Scott v. Board of County Commissioners, et al.*, 3:17cv655-LC-EMT, this Court dismissed Scott's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) as malicious. Both cases count as strikes under § 1915(g), and both were identified by Scott in his complaint (although the reason and date of dismissals were not identified). ECF Doc. 1 at 5-6.

Additionally, in the Report and Recommendation for dismissal in 3:17cv655-LC-EMT, the Magistrate Judge identified over a dozen cases filed by Scott in the Southern District of Alabama which were dismissed prior to service. Indeed, the Court dismissed the action in 3:17cv655-LC-EMT because of Scott's failure to disclose his litigation history despite being required to do so in the complaint form. In at least one of the cases identified, Scott's complaint was dismissed for "failure to comply with the Court's Order and to prosecute this action." *Scott v. Boggan*, No. CIV.A. 09-0426-KD-M, 2010 WL 1009720, at *1 (S.D. Ala. Feb. 22, 2010), *report and recommendation adopted*, No. CIV.A. 09-0426-KD-M, 2010 WL 1009725 (S.D. Ala. Mar. 17, 2010). This case also counts as a strike under § 1915(g), and constitutes Plaintiff's third strike. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1544 (11th Cir.), *cert. denied*, 510 U.S. 863 (1993) (holding that failure to comply with court orders is an "abuse of the judicial process"); *Huffine v. United States*, 25 Cl. Ct. 462, 464 (Cl. Ct. 1992) (pro se litigant's refusal to comply with

Court orders was an "abuse of the judicial process"); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.1998), rev'd on other grounds, *Jones v. Brock*, 549 U.S. 199 (1998) (a case dismissed as an "abuse of the judicial process" counts as a strike under 28 U.S.C. § 1915(g)).

As Plaintiff has at least three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's allegations do not make that showing. Accepting the allegations of Plaintiff's complaint as true, they fail to make a colorable showing that he is in imminent danger of serious physical injury because (1) they raise complaints about the procedural status of a current criminal case or challenge convictions in prior cases and (2) they concern events that happened in the past. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception to [§ 1915(g)]".). Because Plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this § 1983 action, this case should be dismissed under § 1915(g).

Accordingly, it is ORDERED:

1.  The motion to proceed *in forma pauperis* (ECF Doc. 2) is DENIED.

And it is respectfully RECOMMENDED:

1.That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2.That the clerk be directed to close the file.

At Pensacola, Florida, this 12th day of August, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.